**Neeraj KUMAR; Sumeeta Kumar, Petitioners,**

v.

**Alberto GONZALES,* Attorney General, Respondent.**

No. 03–71831.

Agency Nos. A72–399–363, A72–399–364.

United States Court of Appeals, Ninth Circuit.

Submitted April 4, 2005.**

Decided April 13, 2005.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioners.

Christopher C. Fuller, Linda S. Wernery, Esq., Thankful T. Vanderstar, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KOZINSKI, HAWKINS, and CLIFTON, Circuit Judges.

### MEMORANDUM \*\*\*

Lead petitioner Neeraj Kumar and his wife Sumeeta Kumar, both natives and citizens of India, petition for review of the decision of the Board of Immigration Appeals ("BIA") dismissing their appeal from an Immigration Judge's ("IJ") denial of their application for asylum and withholding of deportation.[1] Because transitional rules apply, *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review for substantial evidence the BIA's denial of an application for asylum on the ground that the alien has not established eligibility, *see Meza–Manay v. INS,* 139 F.3d 759, 762 (9th Cir.1998), and we deny the petition for review.

Even assuming that Kumar's testimony was credible, substantial evidence supports the BIA's conclusion that Kumar lacked a well-founded fear of future persecution. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 999 (9th Cir.2003). The 1996 and 1997 State Department reports show that life in Punjab for both Sikhs and non-Sikhs is currently normal, while the political alliance between Kumar's former party, the BJP, and Akali Dal shows that there are no longer the old rifts between Sikhs and non-Sikhs. Finally, the country reports support the conclusion that Kumar's majority status as a Hindu makes internal relocation to a different region of the country a viable alternative. Indeed, the fact that Kumar relocated to Delhi for several months without any harassment or threats further supports the BIA's conclusion. *See id.*

Because Kumar failed to establish eligibility for asylum, it follows that he failed to establish eligibility for withholding of deportation. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1250 (9th Cir.2003).

Finally, the above findings are equally dispositive of Kumar's claim that he and

---

1. The claim of entitlement to asylum is based upon the activities of Neeraj Kumar. His wife claims refugee status derivatively if asylum is granted to Mr. Kumar.

his wife are entitled to relief under the Convention Against Torture. *Cf. Farah v. Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir. 2003); *Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004), petitioners' voluntary departure period will begin to run on the issuance of this court's mandate.

PETITION FOR REVIEW DENIED.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.